IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KRAMER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-606 |
| | ) | |
| | ) | Judge Joy Flowers Conti/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| THE CITY OF NEW KENSINGTON; THE | ) | |
| NEW KENSINGTON POLICE DEPT.; | ) | |
| ANTHONY GRILLO, in their individual | ) | |
| Capacities; RUSSELL BAKER, in their | ) | |
| Individual and official capacities; | ) | Re: ECF No. 42 |
| GARY SCHUBERT, in their individual and | ) | |
| official capacities; WILLIAM WEBER, | ) | |
| *Arnold Police Dept.; in their individual and* | ) | |
| *official capacities;* ARNOLD POLICE | ) | |
| DEPT., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed on behalf of William Weber [ECF No. 42] be granted with regard to Plaintiff's Eighth Amendment excessive use of force claim, Fourth Amendment excessive use of force claim, and due process claims, but denied in all other respects.

**II.    REPORT**

**A.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Kramer ("Plaintiff") filed this *pro se* civil rights action against the City of New Kensington ("the City") and various police officers employed by the New Kensington

Police Department or the Arnold Police Department, alleging the violation of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. [ECF No. 39].

Plaintiff's Amended Complaint, taken as true solely for purposes of consideration of the Motion to Dismiss, alleges Plaintiff's constitutional rights were violated during the course of his arrest on the evening of July 16, 2011, when he was standing on a balcony of a three story residence smoking a cigarette and Defendant Russell Baker pushed Plaintiff from the balcony. As a result, Plaintiff sustained serious bodily injuries. He was further injured when handcuffed and taken into custody by Defendant Police Officers Baker, Grillo and Shubert, because these Defendants moved Plaintiff in disregard of his obvious injuries. Plaintiff alleges that the named Defendants, including Defendant William Weber ("Weber"), were deliberately indifferent to Plaintiff's obvious need for medical treatment when they failed to call an ambulance to the location of his arrest or otherwise obtain medical care for him. Plaintiff contends he was denied medical treatment until he was transported to the State Correctional Institution in Pittsburgh ("SCI – Pittsburgh") early in the morning on July 17, 2011. Once incarcerated at SCI – Pittsburgh, Plaintiff was evaluated in the medical unit and transferred to Allegheny General Hospital, where he was diagnosed with a "broken neck." Plaintiff was provided pain medication and a neck brace and returned to SCI – Pittsburgh. [ECF No. 39, ¶¶ 9 – 30].

Plaintiff also alleges in the Amended Complaint that he later learned that he was charged by the New Kensington Police Department with various crimes arising out of his arrest. Specifically, he was charged with falsification of identification, escape, resisting arrest and aggravated assault.

In the Amended Complaint, Plaintiff asserts three claims: (1) use of excessive force; (2) deliberate indifference to medical needs; and, (3) violation of due process. [ECF No. 39, ¶¶ 41-50]. Plaintiff alleges that his constitutional rights to due process were violated because the charges were improperly based upon a false affidavit of probable cause drafted by Defendant Grillo.[1] Plaintiff alleges that each of the remaining Defendants were parties to the creation of the false affidavit.

Plaintiff currently is incarcerated on unrelated federal and state charges. However, he asserts that the charges against him arising out of the arrest at issue here resulted in a detainer which prevented his parole. This detainer was not lifted until April 26, 2013, approximately fourteen months after the Court of Common Pleas of Westmoreland County granted the Commonwealth of Pennsylvania's Motion for Nolle Prosse.[2]

Defendant Weber has filed a Motion to Dismiss, [ECF No. 42], contending that the claims asserted against him in Plaintiff's Amended Complaint are unsustainable as a matter of law.

B.      STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin,

---

[1] It is not disputed that Plaintiff was the subject of probation violation warrants.
http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-65-CR-0003227-2011

[2] The Court notes that the relevant Pennsylvania criminal docket indicates that the Court of Common Pleas granted the Commonwealth's Motion for Nolle Prosse because "[t]he defendant was indicted federally."
http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-65-CR-0003227-2011  The federal charges, for armed bank robbery, gave rise to the underlying arrest at issue and are more fully set forth at USA v. Kramer, No. 11-cr-207, ECF No.1 (W.D. Pa.). In the federal proceedings, Plaintiff has claimed *that the federal detainer* resulted in his continued incarceration and a change in his custody level, making him ineligible for certain programs. See, No. 11-cr-207, ECF No.57.

Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678. Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.

To determine whether a claim survives a motion to dismiss, the United States Court of Appeals for the Third Circuit provided a two-part test. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This]

4

'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). .

The court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n. 22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). Upon review, a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.

## C. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins,

487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994). See also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

    **A. Excessive Force Claim**

Defendant Weber contends that Plaintiff's Amended Complaint fails to allege facts showing that Weber participated in the alleged use of excessive force against him in the course of his arrest on July 16, 2011. Thus, Weber argues, in the absence of allegations of direct personal involvement in taking Plaintiff into custody, Plaintiff cannot sustain a claim against Weber for the violation of his Fourth Amendment rights. Plaintiff responds that as generally alleged in the Amended Complaint and as indicated in the underlying incident report, ECF No. 43-3, Weber was involved in Plaintiff's apprehension and arrest and, therefore, is liable for injuries sustained by him as a result of his seizure. [ECF No. 53].

The use of excessive force by law enforcement officials in making an arrest may give rise to a claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment of the United States Constitution. To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Curley v. Klem, 499 F.3d 199, 203 n. 4 (3d Cir. 2007). The parties do not dispute that a "seizure" occurred; therefore, the only question is whether the use of force during the arrest was unreasonable.

"The test of reasonableness under the Fourth Amendment is an objective one." Los Angeles County, California v. Rettele, 550 U.S. 609 (2007). Proper application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an

6

immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempt to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989). Other relevant factors include "the duration of the action, whether the action takes place in the context of affecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997).

The court must make this assessment "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham 490 U.S. at 396. As the United States Supreme Court has cautioned, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." Id. (citation omitted). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split—second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id. at 396–397.

At this stage of the litigation, Plaintiff's allegations that he was pushed off a balcony in the course of his arrest are sufficient to state a claim for the excessive use of force against Defendant Russell Baker. However, Plaintiff does not allege that Defendant Weber participated in this action, nor does he allege that Defendant Weber participated in taking him into custody after Plaintiff was on the ground below. [ECF No. 39, ¶¶ 15, 16]. While it is true that a law enforcement officer may be liable under Section 1983 if he fails to intervene in the improper use of force when he has a reasonable opportunity to do so, Plaintiff does not allege that Weber was physically present on the balcony and had an opportunity to intervene and yet failed to do so.

7

Broadwater v. Fow, 945 F. Supp. 2d 574, 585 (M.D. Pa. 2013), *citing*, Smith v. Mensinger, 293 F.3d 641, 650–52 (3d Cir. 2002), and Baker v. Monroe Twp., 50 F.3d 1186 (3d Cir. 1995). Accordingly, it is respectfully recommended that Plaintiff's Fourth Amendment claim against Defendant Weber arising out of the alleged excessive use of force be dismissed without prejudice.

### B. Denial of Medical Assistance

Plaintiff also alleges that along with each of the Defendants at the scene, Defendant Weber violated his Eighth Amendment rights when Defendant Weber failed to intervene on Plaintiff's behalf to call for an ambulance or otherwise obtain medical treatment for the obvious serious injuries Plaintiff sustained in his fall from the balcony.

As an initial matter, Defendant Weber contends that Plaintiff cannot maintain an Eighth Amendment claim because, at the time of the alleged violation of his rights, he was not incarcerated. Plaintiff argues to the contrary, that his claim properly arises under the Eighth Amendment because he "was properly adjudicated for robbery" before the night of his arrest and "was still under the Department of Corrections supervision." See, ECF No. 53, p.3. Plaintiff apparently argues that because he was on parole, he was in state custody and his claim may be stated as a violation of the Eighth Amendment. This argument is unavailing. See, e.g., Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997) (excessive force claim arising in the course of arrest of parole violator arises under the Fourth Amendment standard, unaffected by Plaintiff's status). Instead, Plaintiff's claims must proceed under the Fourteenth Amendment's due process standard. See Cooleen v. Lamanna, 248 F. App'x. 357, 361 (3d Cir. 2007) ("[S]ubstantive due process rights are invoked by pre-trial detainees and other nonconvicted persons seeking medical

care who cannot invoke the Eighth Amendment.") (non-precedential). Accordingly, it is respectfully recommended that Defendant's Motion to Dismiss Plaintiff's Eighth Amendment claim be granted.

As to the substance of Defendant Weber's Motion to Dismiss, Weber contends that his status as a "supporter" or an "observer" insulates him from liability. [ECF No. 45, p. 8]. However, "police officers are liable for the unconstitutional denial of medical assistance when there is (1) a serious medical need, and (2) acts or omissions by the police officers that indicate deliberate indifference to that need." Sullivan v. Warminster Twp., 765 F. Supp. 2d 687, 702 (E.D. Pa. 2011), citing, Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). "Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" Id. quoting Natale, 318 F.3d at 582). The United States Court of Appeals for the Third Circuit has "found deliberate indifference in situations where necessary medical treatment is delayed for nonmedical reasons." Natale, 318 F.3d at 582 (citations and internal quotation marks omitted).

At this early stage of the litigation, given the allegations of Defendant Weber's presence at the scene of Plaintiff's fall and Defendant Weber's failure to seek appropriate and necessary emergency medical treatment for Plaintiff, he has set forth sufficient facts to state a claim for the violation of his Fourteenth Amendment substantive due process rights.

**C. Due Process Claim**

Defendant Weber seeks dismissal of Plaintiff's claim that his rights to due process were violated through the alleged creation of a "false affidavit" concerning the circumstances of his arrest. In particular, the Plaintiff alleges in Amended Complaint that, "Defendant Anthony

9

Grillo violated the Plaintiff's constitutional right to due process when he created a false affidavit of probable cause, along with all relevant defendants who were party to the creation of such documents." [ECF No. 39, ¶ 47]. This allegation is insufficient to state a claim for the denial of due process against Defendant Weber or, indeed, any Defendant.

While it is not clear whether Plaintiff alleges the denial of due process as a false arrest claim or a malicious prosecution claim, Plaintiff cannot establish that he suffered harm from the allegedly false affidavit.

To prove a false arrest claim, Plaintiff must establish: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes–Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)). In the present case, it cannot be disputed that Plaintiff was taken into custody as the result of an unrelated parole violation and for a federal offense arising out of armed bank robbery. See, USA v. Kramer, No. 11-cr-207, ECF No. 57, Defendant Michael Kramer's "Motion to Dismiss the Indictment Under the Interstate Agreement on Detainers," p. 10 ("When Mr. Kramer was arrested in the underlying [federal] case, he was seriously hurt… Because he was on parole at the time of his arrest, he was taken into state custody, where he began receiving treatment, which included medicine and physical therapy."). Plaintiff thereby admits that his arrest on the evening in question would have occurred regardless of the content of the affidavit at issue, and that he would have remained in custody due to pending federal and state charges. Accordingly, Plaintiff cannot sustain a claim for false arrest.

In order to establish a Fourth Amendment malicious prosecution claim pursuant to Section 1983, a plaintiff must show the following: 1) the defendant initiated a criminal proceeding; 2) the criminal proceeding ended in the plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)); and see, Thompson v. Howard, No. 09-1416, 2013 WL 2338247 (W.D. Pa. May 29, 2013). Here, Plaintiff's admission that his detention occurred as the result of unrelated state and federal charges renders untenable his assertion that he suffered a deprivation of liberty as a consequence of legal proceedings arising out of the allegedly false affidavit. See, USA v. Kramer, No. 11-cr-207, ECF No. 57.

Because Plaintiff's Amended Complaint fails to state a claim for the violation of his due process rights arising out of the allegedly false affidavit, it is respectfully recommended that Plaintiff's claim for the violation of his due process rights be dismissed.

### D. Qualified Immunity

Government officials performing discretionary functions are entitled to immunity where their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A defendant has the burden to establish that he is entitled to qualified immunity. Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004). To determine qualified immunity, the court must consider whether the facts alleged, taken in the light most favorable to the plaintiff, "show the officer's

conduct violated a constitutional right" and also "ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001); Pearson v. Callahan, 555 U.S. 223, 236 (2009).

As to the first prong, the United States Court of Appeals for the Third Circuit has observed that officers who do nothing in the face of a constitutional violation are not entitled to qualified immunity. "The approving silence emanating from the officer who stands by and watches as others unleash an unjustified assault contributes to the actual use of excessive force, and we .... will not immunize such conduct by suggesting that an officer can silently contribute to such a constitutional violation and escape responsibility for it." Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002) (citing Baker v. Monroe Twp. 50 F.3d 1186, 1193 (3d Cir. 1995)). Depending on the facts, officers may be liable for the unconstitutional conduct of their colleagues of the same rank, and even superiors. Id. Similarly, where the need for medical treatment is obvious to the Defendant and it is alleged that the Defendant failed to act in deliberate disregard of that need, a cognizable claim has been stated and qualified immunity will not apply. See, e.g., Consonery v. Pelzer, No. 13-1738, 2014 WL 892896 (3d Cir. March 7, 2014).

In the case at issue, Defendant Weber contends he was simply called to the scene to support an arrest on a valid warrant. Defendant Weber "adamantly disputes" that Plaintiff was pushed off the balcony or evidenced any need for immediate medical care. Accordingly, Defendant Weber makes a cursory and broad sweeping claim to entitlement to qualified immunity. However, at this preliminary stage of the litigation, taking all factual allegations contained in Plaintiff's Amended Complaint and any inferences drawn therefrom as true, it cannot be said that Defendant Weber is entitled to qualified immunity as a matter of law.

Accordingly, to the extent Plaintiff's Complaint states a claim against him for the alleged wrongful denial of medical treatment, it is respectfully recommended that Defendant Weber's Motion to Dismiss Plaintiff's claims based upon qualified immunity be denied.

### D.      CONCLUSION

For the foregoing reasons, is respectfully recommended that the Defendant Weber's Motion to Dismiss be granted without prejudice as to Plaintiff's Eighth Amendment and Fourth Amendment excessive force claims against him, as well as Plaintiff's Fourteenth Amendment due process claims, but denied with respect to Plaintiff's Fourth Amendment denial of medical assistance claims.  It is further recommended that Defendant Weber's Motion to Dismiss based upon his assertion of qualified immunity be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections no later than March 27, 2013. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                Respectfully submitted,

                /s/ Maureen P. Kelly
                MAUREEN P. KELLY
                UNITED STATES MAGISTRATE JUDGE

Dated: March 10, 2014

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       All counsel of record by Notice of Electronic Filing

       Michael Kramer
       GH-7068
       SCI Houtzdale
       P.O. Box 1000
       Houtzdale, PA 16698