IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KRAMER,<br>    Plaintiff,<br><br> vs.<br><br><br><br>THE CITY OF NEW KENSINGTON; THE<br>NEW KENSINGTON POLICE DEPT.;<br>ANTHONY GRILLO, in their individual<br>Capacities; RUSSELL BAKER, in their<br>Individual and official capacities;<br>GARY SCHUBERT, in their individual and<br>official capacities; WILLIAM WEBER,<br>*Arnold Police Dept.; in their individual and*<br>*official capacities;* ARNOLD POLICE<br>DEPT.*,*<br>    Defendants. | Civil Action No. 13-0606<br><br>Judge Joy Flowers Conti/<br>Magistrate Judge Cynthia Reed Eddy |

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Plaintiff Michael Kramer's Motion for Injunctive Relief (ECF No. 65) be denied.[1]

**II. REPORT**

**Factual and Procedural Background**

Plaintiff Michael Kramer ("Plaintiff") filed this *pro se* civil rights action against the City of New Kensington ("the City") and various police officers employed by the New Kensington Police Department or the Arnold Police Department, alleging the violation of his rights under the

---

[1] This case was reassigned and referred to this Court for pretrial purposes on April 30, 2014.

Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Amended Complaint, [ECF No. 39].

Plaintiff's Amended Complaint alleges his constitutional rights were violated during the course of his arrest on the evening of July 16, 2011, when he was standing on a balcony of a three story residence smoking a cigarette and Defendant Russell Baker pushed Plaintiff from the balcony. As a result, Plaintiff sustained serious bodily injuries. He was further injured when handcuffed and taken into custody by Defendant Police Officers Baker, Grillo and Shubert, because these Defendants moved Plaintiff in disregard of his obvious injuries. Plaintiff alleges that the named Defendants, including Defendant William Weber ("Weber"), were deliberately indifferent to Plaintiff's obvious need for medical treatment when they failed to call an ambulance to the location of his arrest or otherwise obtain medical care for him.

Plaintiff contends he was denied medical treatment until he was transported to the State Correctional Institution in Pittsburgh ("SCI-Pittsburgh") early in the morning on July 17, 2011. Once incarcerated at SCI-Pittsburgh, Plaintiff was evaluated in the medical unit and transferred to Allegheny General Hospital, where he was diagnosed with a "broken neck." Plaintiff was provided pain medication and a neck brace and returned to SCI-Pittsburgh. Amended Complaint, [ECF No. 39, ¶¶ 9 – 30].

Plaintiff also alleges in the Amended Complaint that he later learned that he was charged by the New Kensington Police Department with various crimes arising out of his arrest. Specifically, he was charged with falsification of identification, escape, resisting arrest and aggravated assault.

In the Amended Complaint, Plaintiff asserts three claims: (1) use of excessive force; (2) deliberate indifference to medical needs; and, (3) violation of due process. Amended Complaint, [ECF No. 39, ¶¶ 41-50]. Plaintiff alleges that his constitutional rights to due process were violated because the charges were improperly based upon a false affidavit of probable cause drafted by Defendant Grillo.[2] Plaintiff alleges that each of the remaining Defendants were parties to the creation of the false affidavit.

Plaintiff currently is incarcerated on unrelated federal and state charges. However, he asserts that the charges against him arising out of the arrest at issue here resulted in a detainer which prevented his parole. This detainer was not lifted until April 26, 2013, approximately fourteen months after the Court of Common Pleas of Westmoreland County granted the Commonwealth of Pennsylvania's Motion for Nolle Prosse.[3]

Officer Weber filed a Motion to Dismiss [ECF No. 42]. Magistrate Judge Maureen P. Kelly issued a Report and Recommendation [ECF No. 59] on March 10, 2014, in which she recommended that Plaintiff's Fourth Amendment claim against Defendant Weber arising out of the alleged excessive use of force be dismissed without prejudice, because Plaintiff did not allege that Weber was physically present on the balcony and had an opportunity to intervene and yet failed to do so. Report and Recommendation [ECF No. 59], at 7-8. Magistrate Judge Kelly also recommended that the Motion to Dismiss Plaintiff's Eighth Amendment claim be granted, but

---

[2] It is not disputed that Plaintiff was the subject of probation violation warrants.
http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-65-CR-0003227-2011

[3] The Court notes that the relevant Pennsylvania criminal docket indicates that the Court of Common Pleas granted the Commonwealth's Motion for Nolle Prosse because "[t]he defendant was indicted federally."
http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-65-CR-0003227-2011 The federal charges, for armed bank robbery, gave rise to the underlying arrest at issue and are more fully set forth at USA v. Kramer, No. 11-cr-207, ECF No.1 (W.D. Pa.). In the federal proceedings, Plaintiff has claimed *that the federal detainer* resulted in his continued incarceration and a change in his custody level, making him ineligible for certain programs. See, No. 11-cr-207, ECF No.57.

that, given the allegations of Defendant Weber's presence at the scene of Plaintiff's fall and his failure to seek appropriate and necessary emergency medical treatment for Plaintiff, he set forth sufficient facts to state a claim for the violation of his Fourteenth Amendment substantive due process rights. Report and Recommendation [ECF No. 59], at 8-9. Finally, the Report and Recommendation recommended that Plaintiff's due process claim arising out of an allegedly false affidavit be dismissed for failure to state a claim. Report and Recommendation [ECF No. 59], at 11.

On April 4, 2014, in the absence of any objections, Chief District Judge Joy Flowers Conti adopted the Report and Recommendation and ordered that the Motion to Dismiss filed on behalf of William Weber [ECF No. 42] be granted with regard to Plaintiff's Eighth Amendment excessive use of force claim, Fourth Amendment excessive use of force claim, and due process claims, but denied in all other respects. Order [ECF No. 61].

All Defendants have now answered the Amended Complaint.

**Motion for Preliminary Injunction**

Plaintiff filed a Motion for Injunctive Relief [ECF No. 65] claiming that he has been transferred from SCI-Houtzdale to a "private institution in Ohio by the name of N.E.O.C.C., and that while in this facility, he has been denied access to his legal mail and documents and is, therefore, being denied access to the courts. Plaintiff also alleges that he is being denied medical and psychiatric care and "religious services." *Id*. at 1. Plaintiff requests this Court order him returned to state custody "as soon as possible so his documents are not destroyed or lost" and until his sentence has been served. *Id*. at 2. Defendants have filed responses to the motion for injunctive relief. [ECF Nos. 66, 67].

4

Defendants acknowledge that sometime prior to June 26, 2014, Plaintiff was transferred from SCI-Houtzdale to Northeast Ohio Correctional Center ("NEOCC"), a private facility housing federal inmates. However, Defendants correctly assert that "Plaintiff's motion is based on new allegations of mistreatment that are entirely different from the claims raised and the relief requested in this suit, by individuals and/or departments that are not parties to the present suit." City of New Kensington Defendants' Response To Plaintiff's Motion For Injunctive Relief [ECF No. 66], at 3. *See also* Defendant Weber's Response To Plaintiff's Motion For Injunctive Relief [ECF No. 67], at 2 ("In his motion, Plaintiff does not specify the individuals responsible for the alleged constitutional violations. In fact, Plaintiff does not relate how any of the Defendants in the above captioned matter are responsible for the alleged constitutional violations.").

An injunction is "an extraordinary remedy, which should only be granted in limited circumstances." *Novartis Consumer Health v. Johnson & JohnsonMerck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (citation omitted); *see also Am. Tel. & Tel. Co. v. Winback & Conserve Prog., Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) (stating that a preliminary injunction is "an extraordinary remedy" and "should be granted only in limited circumstances"). As the United States Court of Appeals for the Third Circuit has explained:

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994).

The general rule is that "a court may not enter an injunction against a person who has not been made a party to the case before it." *Banks v. Good*, 2011 WL 2437061, *2 (W.D.Pa. 2011) (quoting, *inter alia*, *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed.Cir. 1996)). To the extent that Mr. Kramer seeks to enjoin non-parties in this litigation, a "non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 (3d Cir. 1996).

Plaintiff does not allege any active concert or participation between Pennsylvania DOC and the NEOCC personnel, and none of the Defendants in this suit are in a position, nor do they have the authority, to administer a transfer of the Plaintiff from NEOCC back to the custody of the Pennsylvania Department of Corrections.

Moreover, Plaintiff is seeking relief for claims against non-parties that are unrelated to the claims made in his Amended Complaint. "This is not permissible." *Banks*, 2011 WL 2437061, *2 (citing, *inter alia*, *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."), and *Spencer v. Stapler*, 2006 WL 2052704, *9 (D.Ariz. 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied.")). *See also Houser v. Beard,* 2012 WL 3522529, *2 (W.D.Pa. 2012) ("A preliminary injunction is not an appropriate vehicle for trying

to obtain relief that is not related to the claims set forth in the underlying action. . . . . Moreover, there is a 'general rule that a court may not enter an injunction against a person who has not been made a party to the case before it.'") (quoting *Additive Controls*).

Further, where the requested preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518 (3d Cir. 1995).

Plaintiff's proposed preliminary injunction would require a wide array of non-party prison officials to take affirmative steps to steward the transfer of the Plaintiff from NEOCC back to the custody of the Pennsylvania Department of Corrections. Under the foregoing standards, Plaintiff has not shown a likelihood of success on the merits, and has failed to shoulder his heavy burden of convincing this Court to issue a mandatory injunction against non-parties or against parties that have no authority to effectuate the relief he requests.

### III.. CONCLUSION

For the foregoing reasons, is respectfully recommended that Plaintiff's Motion for Injunctive Relief (ECF No. 65) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within 14 days of service of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

          Respectfully submitted,

          /s/ Cynthia Reed Eddy
          CYNTHIA REED EDDY
          UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2014

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       All counsel of record by Notice of Electronic Filing

       Michael Kramer
       33188-068
       NEOCC
       2240 Hubbard Road
       Youngstown, OH 44505