IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-606 |
| | ) | |
| v. | ) | United States Chief District Judge Joy Flowers Conti |
| | ) | |
| THE CITY OF NEW KENSINGTON, et al., | ) | United States Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Michael Kramer ("Plaintiff"), is a *pro se* state prisoner who has filed this civil rights suit pursuant to 42 U.S.C. § 1983 as Defendants the following: the City of New Kensington, the New Kensington Police Department, and its officers Baker, Grillo and Schubert as well as the Arnold Police Department officer William Weber. Plaintiff's Amended Complaint alleges violations of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. [ECF No. 39].

On September 25, 2015, this Court granted in part and denied in part the Defendants' motion for summary judgment. *See* Order of 9/25/2015 [ECF No. 103]. Concurrently, the Court allowed Plaintiff to submit a motion to seek additional discovery within thirty days of the Order, or October 25, 2015. *Id*. Instead of doing so, Plaintiff appealed Chief Judge Conti's Court's Memorandum Opinion and Order to the Court of Appeals for the Third Circuit on October 9, 2015, which was ultimately dismissed for failure to prosecute. *See* Notice of Appeal [ECF No. 104]; Certified Order of USCA [ECF No. 113]. On November 24, 2015, approximately a month after his discovery motions were due, Plaintiff filed multiple discovery motions seeking

additional discovery [ECF No. 108], to take depositions [ECF No. 109] and a request for documents and electronically stored information [ECF No. 110]. Defendants responded to Plaintiff's motions on January 27, 2016 and the motions are now ripe for review.

The Supreme Court has held that *pro se* complaints should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus the courts are required to liberally construe a *pro se* litigant's pleadings, *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011), and are "especially likely to be flexible when dealing with imprisoned *pro se* litigants. Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)). However, while "district courts are counseled to liberally construe *pro se* pleadings, all parties must follow the Federal Rules of Civil Procedure." *Thomas v. Norris*, 2006 WL 2590488, *4 (M.D. Pa. 2006). Leniency "has its limits and litigants, even those appearing *pro se*, 'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Serrano v. Pigos*, 3:12-CV-323, 2013 WL 655741, at *2 (M.D. Pa. Feb. 22, 2013) (quoting *Mala*, 704 F.3d at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))).

Regarding discovery scope and limitations as set forth in Federal Rule of Civil Procedure 26, a party

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). See *Blackstone v. Thompson*, 2:12-CV-899, 2013 WL 795040, *2 (W.D.Pa. 2012) (discussing Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, and applying them to a number of discovery requests/disputes in prisoner litigation).

A court should consider a prisoner-litigant's inability to gather facts relevant to the proof of his claim and should be sensitive to his discovery difficulties. *Montgomery v. Pinchak*, 294 F.3d 492, 503-04 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). However, "[*p]ro se* litigants must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), including the discovery rules. *Honeycutt v. Snider*, 2011 WL 6301429, *3 (D.Nev. 2011).

With that backdrop, Plaintiff's request to seek additional discovery is GRANTED as follows:

To the extent that Plaintiff moves to take the oral depositions of Defendants Baker, Shubert, Weber and Grillio, the request is GRANTED and he may do so pursuant to, and in strict compliance with, Federal Rule of Civil Procedure 30. To this end, Plaintiff is also informed that he, and not the Court or Defendants, must arrange for or notice the depositions, as arranging depositions is Plaintiff's Rule 30 responsibility. Additionally, it is Plaintiff's responsibility to pay the fees associated with engaging a court reporter or the preparation of deposition transcripts. It is not incumbent upon the Court, or the Defendants, to assume responsibility, logistically or financially for the depositions Plaintiff wishes to conduct. *See e.g., Tabron*, 6 F.3d at 159. "There is no provision in 28 U.S.C. § 1915 for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Ball v. Struthers*, Civil No. 1:11-CV-1265, 2011 WL 4891026 at *1 (M.D.Pa. Oct. 13, 2011), cited with approval by *Huertas v. Beard*, 1:10-CV-10, 2012 WL

1564513 (W.D. Pa. May 2, 2012). In light of the expense of oral depositions and logistical difficulties presented to an inmate proceeding *pro se*, it is often preferable for *pro se* inmates to seek discovery through depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure, a copy of which will be mailed to Plaintiff with this Order.

Next, to the extent the Plaintiff requests leave to request documents and electronically stored information ("ESI"), that request is GRANTED to the extent that Plaintiff's request for production of documents and ESI is relevant to Plaintiff's remaining claims and is otherwise discoverable. Plaintiff may serve a request for documents and/or electronically stored information pursuant to Federal Rule of Civil Procedure 34, a copy of which will be mailed to Plaintiff with this Order. To the extent that Defendants have previously provided or attempted to provide Plaintiff with the information he seeks, Defendants shall again provide Plaintiff with said information. Plaintiff is also informed that the grant of his discovery requests does not reopen the entire discovery period and permits him only to depose the defendants and seek the documents requested in his previously filed motions.

Accordingly, the following Order is entered consistent with this memorandum:

**AND NOW**, this 3rd day of February, 2016,

Plaintiff's Motion to Seek Additional Discovery [ECF No. 108] is **GRANTED**;

Plaintiff's Motion for Leave to Take Oral Depositions [ECF No. 109] is **GRANTED**; and

Plaintiff's Motion for Leave to Request Documents and Electronically Stored Information [ECF No. 110] is **GRANTED**.

By the Court,

s/CYNTHIA REED EDDY
Cynthia Reed Eddy
United States Magistrate Judge

cc: The Honorable Joy Flowers Conti
United States District Court
Western District of Pennsylvania

Michael Kramer
GH7068
SCI Houtzdale
PO Box 1000
Houtzdale, PA 16698
PRO SE

*Counsel for Defendants*
David J. Rosenberg
Weber Gallagher Simpson Stapleton Fires & Newby
Two Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA 15222